IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DANNY RAY JOHNSON

    Petitioner,

v.                                       Civil Action No. 1:10-cv-108
                                         Criminal Action No. 1:02-cr-50
                                             (JUDGE Joel)

UNITED STATES OF AMERICA,

    Respondents.

## REPORT AND RECOMMENDATION THAT PETITIONER'S § 2255 MOTION BE DENIED AS MOOT

Danny Ray Johnson ("Petitioner") filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on July 14, 2010. On September 27, 2010, the government filed its response, and on October 5, 2010, the Petitioner filed his reply to the government's response.

### I.     FACTUAL AND PROCEDURAL HISTORY

On March 10, 2000, as part of a plea agreement, Petitioner pled guilty to one count of bank fraud before the U.S. District Court for the Western District of Pennsylvania. On May 22, 2000, Petitioner was sentenced to twenty-one months imprisonment; five years of supervised release; $112,586.82 in restitution; and a $100 special assessment fee.

On September 25, 2002, probation jurisdiction over Petitioner was transferred to the Northern District of West Virginia from the Western District of Pennsylvania. However, after violating the terms of his supervised release, a warrant was issued for his arrest on September 29, 2005, and on October 6, 2005, he was brought before Magistrate Judge Kaull for an initial appearance in the matter. On October 17, 2005, the Court revoked his supervised release and

sentenced him to six months incarceration, fifty-four months of supervised release, and the Court re-imposed restitution.

Petitioner was released to supervision again on June 13, 2006. Then, on March 12, 2009, the Court entered an order granting the United States Probation Officer's Petition and a summons was issued as to Petitioner. On April 23, 2009, in a Final Hearing on his revocation of supervised release, the Court declined to revoke Petitioner's suspended release, but modified the conditions of his release.

On August 24, 2009, the Court again entered an order granting the United States Probation Officer's Petition and a summons was issued as to Petitioner. At the Final Hearing on his revocation of supervised release, the Court sentenced him to eleven months of imprisonment, forty-three months of supervised release, and $95,011.82 in restitution still due.

Petitioner did not appeal the violation of supervised release. Instead, on July 14, 2010, Petitioner filed the instant § 2255 motion. The government filed an answer asking the Court to deny the motion, and the Petitioner filed a reply asking the Court to vacate the judgment or, in the alternative, reduce the term of imprisonment to home confinement or grant a new hearing.

According to the Federal Bureau of Prisons Inmate locator, movant was released from federal custody in February 16, 2011. The Court, to date, has not received a change of address form from Petitioner as required.

## II. DISCUSSION

Petitioner asserts five grounds for relief in his § 2255 motion: (1) ineffective assistance of counsel for failure to present to the Court that Petitioner was not in default of his restitution payments, (2) ineffective assistance of counsel for failure to present to the Court Petitioner's gross monthly income, (3) ineffective assistance of counsel for failure to present to the Court that

Petitioner had retained a CPA to prepare his financial statements, (4) ineffective assistance of counsel in failing to present to the Court that Petitioner had failing health and medical conditions, and (5) ineffective assistance of counsel for failure to file a Notice of Appeal as requested by Petitioner. Petitioner asks the Court to vacate the judgment or, in the alternative, to reduce the term of imprisonment to home confinement or to grant a new hearing.

Pursuant to Article III, Section 2 of the United States Constitution, federal courts can only consider ongoing cases or controversies. Lewis v. Continental Bank, Corp., 494 U.S. 472, 477-78 (1990); United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. Spencer v. Kemna, 523 U.S. 1, 8 (1998); see Steele v. Blackman, 236 F.3d 130, 134 n.4 (3d Cir. 2001). However, when a petitioner does not attack his conviction, the injury requirement is not presumed. Chong v. District Director, INS, 264 F.3d 378, 383-84 (3d Cir. 2001). "[O]nce a litigant is unconditionally released from criminal confinement, the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act," Kissinger, 309 F.3d at 181, "that is likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7. Therefore, as a threshold matter, if Petitioner's claims are moot due to the completion of his sentence imposed by the Court, the Court must dismiss the § 2255 motion for lack of jurisdiction. See North Carolina v. Rice, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); Chong, 264 F.3d at 383-84.

In this case, the record shows that Petitioner was released from custody on February 16, 2011 and is no longer serving any portion of the eleven-month sentence imposed for his violation of supervised release. The Court does not discern any collateral consequences resulting from his supervised release revocation that satisfies Article III's "injury-in-fact" requirement. See e.g., United States v. Robinson, 39 Fed. Appx. 723, 725-26 (3d Cir. 2002). Therefore, the Court recommends that Petitioner's § 2255 motion be denied as moot because it can no longer afford movant the primary relief requested therein.

### III.   RECOMMENDATION

For the reasons stated above, the undersigned recommends that Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence be denied as moot.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable David J. Joel, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and counsel of record, as applicable.

DATED: September 19, 2011

                                               DAVID J. JOEL
                                               UNITED STATES MAGISTRATE JUDGE